**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CORBIN J. HOWARD, | : | |
| Plaintiff, | : | Case No. 3:11cv00287 |
| v. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| REID HOSPITAL, *et al.*, | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. INTRODUCTION

On July 29, 2009, a man entered the emergency room at Reid Hospital in Richmond, Indiana, in order to receive care for a laceration to his left forearm. The man received relatively minor treatment and was discharged a short time thereafter. According to Reid Hospital, the man who received care that day was Plaintiff Corbin J. Howard. (Doc. #18). Plaintiff, however, alleges he was the victim of identity fraud, perpetrated in part with his ex-wife's assistance, and never visited the hospital that day nor received the services rendered. (Doc. #2 at 3-6). Because he denied responsibility for the bill, it not surprisingly remained unpaid. Eventually, in April 2010, Reid Hospital assigned the debt

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

to Finance System of Richmond, Inc. (Doc. #18-1 at 29-30). Thereafter, on May 6, 2010, Finance System of Richmond, Inc., filed a small claims action in Wayne County, Indiana, against Corbin J. Howard for the debt. (Doc. #18 at 1; Doc. #2 at 3).

Plaintiff Corbin J. Howard, proceeding *pro se*, subsequently filed this action against Reid Hospital, Reid Hospital employee Shannon Roshan, and an attorney for Finance System of Richmond, Inc., Ronald J. Moore. (Doc. #2 at 2). Previously, upon initial review under 28 U.S.C. § 1915(d), this Court found that Plaintiff's *pro se* Complaint had raised at least one arguable claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and that *sua sponte* dismissal of Plaintiff's case was not warranted. (Doc. #3).

The case is presently before the Court upon Defendants Reid Hospital and Shannon Roshan's ("Reid Defendants") Motion to Dismiss (Doc. #'s 17, 18); Plaintiff's "Notice"/Response in Opposition (Doc. #23); Reid Defendants' Reply (Doc. #24), Motion to Designate Trial Attorneys (Doc. # 19), Motion to Strike and for Sanctions (Doc. # 25); and the record as a whole.

## II. MOTION TO DISMISS

Reid Defendants argue Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. (Doc. #18) (citing Fed. R. Civ. P. 12(b)(1), (2), (6), 8(a)). Plaintiff opposes Reid Defendants' Motion to Dismiss, but generally focuses his *pro se* memorandum in opposition on attacking the accuracy of factual issues not significant to the analysis set

forth below. (*See* Doc. #23).

A. **Subject Matter Jurisdiction**

Reid Defendants request this Court "dismiss the Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." (Doc. #18 at 3).

"Rule 12(b)(1) motions to dismiss generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). A facial attack challenges the sufficiency of the Complaint's assertion of subject matter jurisdiction. *Id*. When countering a facial attack, Plaintiff's burden to prove subject matter jurisdiction is "not onerous." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The allegations in the Complaint are taken as true, *id*., and "[i]f those allegations establish federal claims, jurisdiction exists." *Gentek*, 491 F.3d at 330. "Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations. When a factual attack ... raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist. In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Gentek*, 491 F.3d at 330 (citations omitted).

Reid Defendants argue that "[t]he core fact at issue in the instant cause was adjudicated by the Indiana Small Claims Court, which found that, contrary to Howard's

3

claims then and now, he did receive services at Reid and he was liable for his debts." (Doc. #18 at 3). Reid Defendants contend that as a result of the small claims court's ruling, "Mr. Howard is collaterally estopped from bringing forth the basis of the instant cause." (*Id.* at 4). Reid Defendants argue that Plaintiff "is clearly requesting this Court review and overturn the ruling made by the Indiana State Courts on the identical issues," and that such review is precluded under the *Rooker-Feldman* doctrine. (*Id.* at 4-15). Reid Defendants also argue that due to the Indiana small claims court case against Mr. Howard, this Court is precluded by Indiana preclusion law from reviewing Mr. Howard's claims. (*Id.* at 7).

To the extent Plaintiff's *pro se* Complaint can be construed as an attack on the judgment of the small claims court, Reid Defendants are correct that this Court cannot provide the relief requested therein. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), the Supreme Court "found that federal district courts were only empowered with original jurisdiction, and that they did not have appellate jurisdiction to hear a claim that a state court's decision was in error." *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 436 (6th Cir. 2006) (citing *Rooker*, 263 U.S. at 416). More recently, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 161 L. Ed. 2d 454, 125 S. Ct. 1517 (2005) the Supreme Court "held that the *Rooker-Feldman* doctrine applied only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Todd*,

4

434 F.3d at 436 (quoting *Exxon Mobil*, 544 U.S. at 1521-22).

Thus, to the extent Plaintiff seeks review of the small claims court's judgment, this Court is precluded from doing so under the *Rooker-Feldman* doctrine. To the extent Plaintiff's *pro se* Complaint can be construed as a request for this Court to determine whether he is liable for the unpaid medical bills, *Rooker-Feldman* does not preclude review, but the claims cannot be reviewed due to preclusion law. In dicta, the *Exxon Mobil* Court noted that where the plaintiff brought a federal claim after a state court decision, a district court is not stopped "'from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Todd*, 434 F.3d at 436 (quoting *Exxon Mobil*, 544 U.S. at 1527). Instead, "even if the independent claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not *Rooker-Feldman*." *Id.* at 437. Accordingly, in this case Indiana law determines whether the issues are precluded from being litigated by this Court. *See Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) ("Well-settled law directs federal courts to 'give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).

Under Indiana Small Claims Rule ("S.C.R.") 11(F), "[a] judgment shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court." Accordingly,

5

S.C.R. 11(F) makes clear that Plaintiff cannot relitigate his liability for the medical debt, and any claims he raised attempting to do so must be dismissed for lack of subject matter jurisdiction. Plaintiff is liable for the amount of the unpaid medical bills and this issue cannot be relitigated.

Plaintiff, however, not only challenged the determination of his liability for the medical debt, but sought to recover expenses due to "numerous trips" he took to Richmond, Indiana "to try to correct this matter." (Doc. #2 at 7). Such expenses were due, in part, to legal actions brought against him in Wayne County, Indiana. (*Id.* at 3-7). Howard, a resident of Eaton, Ohio, alleged in his Complaint, however, that he did not sign a financial responsibility form at Reid Hospital. (*Id.*).

Assuming such facts to be true raises an arguable claim under the venue provision of the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692i. Two actions – the original small claims court action and the garnishment action – were brought against Plaintiff in Indiana. The venue provision of the FDCPA specifically provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity – (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). Regardless of the amount in controversy, the FDCPA provides district courts with jurisdiction over claims made pursuant to the Act. 15 U.S.C. § 1692k(d).

Neither the *Rooker-Feldman* doctrine nor Indiana's Small Claims Rule 11(F)
6

preclude this Court's subject matter jurisdiction over the FDCPA claims. *Rooker-Feldman* does not do so because any injury involved was not caused by the state court judgment. *See Todd*, 434 F.3d at 437 (holding *Rooker-Feldman* doctrine does not preclude subject matter jurisdiction over plaintiff's claims under the FDCPA where plaintiff does not complain about injuries caused by the state court judgment in a garnishment proceeding, but by the filing of a false affidavit by defendant in that action). Small Claims Rule 11(F) also does not preclude subject matter jurisdiction to hear claims raised under the FDCPA regarding the manner in which the debt was collected because such an issue was not previously litigated, and due to S.C.R. 11(F)'s restrictive res judicata effect, is not precluded from being litigated now.

In fact, the very issue of whether Small Claims Rule 11(F) precludes an action under the FDCPA was recently addressed in *Kelley v. Med-1 Solutions, LLC.*, 952 N.E.2d 817 (Ind. Ct. App. 2011). In this case, the Indiana Court of Appeals determined the following regarding the effect of S.C.R. 11(F):

> Regarding actions for violations of the FDCPA, this court has held that a plaintiff who brings a claim based on the manner in which a defendant brought an action in small claims court may bring such claim in an "independent action" and is not barred by res judicata. *See Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1028 (Ind. Ct. App. 2005) (finding that the doctrine of res judicata did not bar the plaintiff from asserting an independent action for, inter alia, violation of the FDCPA as the action was not an attempt to undermine the validity of the judgment). Moreover, even where the plaintiff could have raised claims as counterclaims in the small claims action, the plaintiff is not precluded from asserting the claims in a separate, independent action. *See id*; *see also Spears*, 745 N.E.2d at 877 (holding that plaintiff "was not required to invoke his rights under the FDCPA during the course of the debt collection claim or risk waiving those rights altogether" as "[a]n FDCPA claim 'has nothing to do with whether the

7

underlying debt is valid,'" but instead "'concerns the method of collecting the debt. It does not arise out of the transaction creating the debt[.]'" (quoting *Azar v. Hayter*, 874 F. Supp. 1314, 1318 (N.D. Fla. 1995)).

*Kelley,* 952 N.E.2d at 829-30. The restrictive nature of S.C.R. 11(F) appears to be based largely upon the informality of small claims proceedings in Indiana. For example, in *Bowman v. Kitchel*, 644 N.E.2d 878 (Ind. 1995), the Supreme Court of Indiana stated that:

> Small claims court is intended to be a place where such formality is not the order of the day. Indiana Small Claims Rule 8(A) embodies this policy by declaring: "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence. . . ." Similar informality extends to the written entries memorializing small claims decisions. We exempt the judgments issued in small claims courts from the requirements prevailing in other civil cases. Trial Rule 58(B), which spells out the contents of judgments, especially declares that it applies "[e]xcept in small claims cases."

*Bowman*, 644 N.E.2d at 879. Similarly, in *Cook v. Wozniak*, 500 N.E.2d 231, *aff'd* 513 N.E.2d 1222 (Ind. 1987), the Indiana Court of Appeals noted the following regarding Small Claims Rule 11(F):

> [I]t appears that the rule was intended primarily to limit issue preclusion where some fact in the small claim action is at issue in another case. It is stated broadly enough, however, to also apply to claim preclusion to the extent that claim preclusion would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action. *See Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 53 N.E.2d 161. This would be in keeping with a limitation whose purpose was to discount far reaching effects based upon the informality of a small claims proceeding and the limited exposure for liability.

*Cook*, 500 N.E.2d at 233. Based on the foregoing, it is clear that while "claim preclusion

would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action," S.C.R. 11(F) "limits the conclusive effect of small claims judgments to the very claim determined in the action." *Id.*

Accordingly, while Plaintiff's liability for the amount of the debt cannot be relitigated, the Court does have federal question jurisdiction under 28 U.S.C. § 1331 to hear claims brought under the FDCPA. Dismissal pursuant to 12(b)(1) is therefore not warranted.

### B. Failure to State a Claim

To determine whether a complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

A complaint filed *pro se*, as in this case, should be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L.Ed. 2d 652 (1972). Nonetheless, in order "to survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements.' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge – whether the Complaint raises a right to relief above the speculative level – "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. At 1965). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft . Iqbal*, 556 U.S. 884, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007))(quoting *Twombly*, 127 S.Ct. at 1964). "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 233, 242, 179 L. Ed. 2d 233, 236 (2011).

Turning to Plaintiff's only remaining claims in this case for violation of the venue

provision of the FDCPA, *see* 15 U.S.C. § 1692i(a)(2), Reid Defendants are correct in noting that "neither Reid Hospital nor Shannon Roshan is a 'debt collector' under the terms of the Fair Debt Collection Act." (Doc. #18 at 15). As discussed below, their Motion to Dismiss (Doc. #17) is therefore well taken.

"Congress enacted the FDCPA in order to eliminate 'the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (quoting 15 U.S.C. § 1692(a)). Under the FDCPA, a debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "The term 'debt collector' has a particular meaning, however: it refers only to persons attempting to collect debts due 'another.'" *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734 (6th Cir. 2007) (quoting 15 U.S.C. § 1692(a)(6)). On the other hand, "any person who offers or extends credit creating a debt or to whom a debt is owed," is defined under the Act as a "creditor." 15 U.S.C. § 1692a(4). "[A] creditor is not a debt collector under the FDCPA." *Joyner v. MERS*, 2011 U.S. App. LEXIS 24514, *3 (6th Cir. 2011) (affirming district court's order dismissing *pro se* plaintiff's complaint where defendants are determined to be creditors (citing *MacDermid*, 488 F.3d at 734-35)).

Although Indiana's Small Claims Rule 11(F) does not preclude this Court's review of claims under the FDCPA, it does preclude this Court from determining Plaintiff's

liability for the medical debt. Accordingly, the debt[2] has been determined to be Plaintiff's and was due, at least originally, to be paid to Defendant Reid Hospital. Such facts, therefore, establish that Reid Hospital is a "creditor" and, as such, cannot be held civilly liable under the FDCPA. (*See Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 435-36 (6th Cir. 2008) ("Liability under the FDCPA attaches only to a 'debt collector,' a term defined by the Act . . . .")). Reid Hospital's employee, Shannon Roshan, likewise cannot be held civilly liable under the FDCPA. (*See* 15 U.S.C. § 1692(a)(6)(A) - "The term 'debt collector' . . . does not include – (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"). In addition, Reid Defendants were not parties to the collection suit underlying Plaintiff's claims under the venue provision of the FDCPA, and even if they were, it is against "the intent of Congress, as manifested in the terms of the Act, for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector.'" *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996). As such, for the reasons set forth above, Plaintiff's Complaint fails to state a claim for relief against Reid Hospital, as well as Shannon Roshan. Accordingly, Reid Defendants' Motion to Dismiss (Doc. #17) is

---

[2] Because Plaintiff's obligation to pay Reid Hospital arose out of the medical services he received, which clearly were for personal purposes, this financial obligation meets the definition of a "debt," as defined in the FDCPA. *See* 15 U.S.C. § 1692a(5).

well taken.[3]

## III. MOTION TO STRIKE AND FOR SANCTIONS

Reid Defendants also request the Court "strike the Plaintiff's February 15, 2012 'Notice', sanction the Plaintiff," and "order the Plaintiff to reimburse the Reid Defendants for attorney fees incurred . . . ." (Doc. #25 at 3-4). Reid Defendants allege Plaintiff made factual misrepresentations to this Court when he filed a "Notice" (Doc. #23) on February 15, 2012, and referenced a document he previously attempted to file on January 24, 2012. Reid Defendants' Motion to Strike and for Sanctions (Doc. #25), however, is without merit as court notes indicate Plaintiff's factual assertions are not without support.[4]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Reid Hospital and Shannon Roshan's Motion to Dismiss (Doc. #17) be GRANTED and this case DISMISSED with prejudice as to these parties;

2. Reid Defendants' Motion to Strike and for Sanctions (Doc. #25) be DENIED;

3. Reid Defendants' Motion to Designate Trial Attorneys (Doc. #19) be DENIED as moot;

---

[3] In light of this conclusion, and Reid Defendants' request to dismiss this case with prejudice, it is unnecessary for the Court to consider other grounds for dismissal raised.

[4] It should also be noted that although a court may sanction any attorney, law firm, or party that violates Fed. R. Civ. P. 11(b), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Additionally, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*; *see also Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court . . . .").

4. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

5. The case remains pending on the docket of this Court.


April 4, 2012                     s/ Sharon L. Ovington
                                     Sharon L. Ovington
                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).