# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CORBIN J. HOWARD, | : | |
| Plaintiff, | : | Case No. 3:11cv00287 |
| v. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| REID HOSPITAL, *et al.*, | : | |
| Defendants. | : | |
| | : | |

## ORDER AND NOTICE OF HEARING

Defendant Ronald J. Moore argues that this Court lacks both general and specific personal jurisdiction over him, and as a result, Plaintiff Corbin J. Howard's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2). (Doc. #21).

In resolving personal jurisdiction issues, a court "'may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion.'" *Serras v. First Tenn. Bank, N.A.*, 875 F.2d 1212, 1214 (6th Cir. 1989)(quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir. 1981)).

Accordingly, an evidentiary hearing concerning whether this Court may exercise personal jurisdiction over Defendant Ronald J. Moore is set for Tuesday, May 29, 2012, at 2:30 PM, in Courtroom No. 5, 200 West Second Street, Dayton, Ohio 45402.

At the hearing, Plaintiff should be prepared to show this Court any contacts Defendant Moore had with the forum state (Ohio) that may establish either general or specific personal jurisdiction. The burden is on Plaintiff to demonstrate personal jurisdiction. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) ("The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists."); *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) ("When the district court holds an evidentiary hearing to determine jurisdiction . . . Plaintiff must establish jurisdiction by a preponderance of the evidence." (citing *Serras*, 875 F.2d at 1214)). If Plaintiff fails to show by a preponderance of the evidence that this Court has personal jurisdiction over Defendant Moore, Plaintiff's case will be dismissed or transferred pursuant to 28 U.S.C. § 1406.

Plaintiff should note this **is not** an opportunity to argue the merits of his case. The hearing is only to address the issue of personal jurisdiction. Plaintiff's failure to appear may result in dismissal of this action for want of prosecution.

IT IS SO ORDERED.


April 4, 2012

s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge