# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CORBIN J. HOWARD, | : | |
| Plaintiff, | : | Case No. 3:11cv00287 |
| v. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| REID HOSPITAL, et al., | : | |
| Defendants. | : | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.   INTRODUCTION

On July 29, 2009, a man entered the emergency room at Reid Hospital in Richmond, Indiana, in order to receive care for a laceration to his left forearm. The man received relatively minor treatment and was discharged a short time thereafter. According to Defendant Reid Hospital, the man who received care that day was Plaintiff Corbin J. Howard. (Doc. #18). Plaintiff, however, alleges he was the victim of identity fraud, perpetrated in part with his ex-wife's assistance, and never visited the hospital that day nor received the services rendered. (Doc. #2 at 3-6). Because he denied responsibility for the bill, it not surprisingly remained unpaid. Eventually, in April 2010,

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Reid Hospital assigned the debt to Finance System of Richmond, Inc. (Doc. #18-1 at 29-30). Thereafter, on May 6, 2010, Finance System of Richmond, Inc., proceeding through counsel Ronald J. Moore, filed a small claims action in Wayne County, Indiana, against Corbin J. Howard for the debt. (Doc. #21-1 at 1; Doc. #2 at 3).

Plaintiff Corbin J. Howard, proceeding *pro se*, subsequently filed this action against Reid Hospital, Reid Hospital employee Shannon Roshan, and attorney Ronald J. Moore. (Doc. #2 at 2). Previously, upon initial review under 28 U.S.C. § 1915(d), this Court found that Plaintiff's *pro se* Complaint had raised at least one arguable claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and that *sua sponte* dismissal of Plaintiff's case was not warranted. (Doc. #3).

The case is presently before the Court upon Defendant Ronald J. Moore's Motion to Dismiss (Doc. #21), Plaintiff's Response in Opposition (Doc. #26), an evidentiary hearing held on May 29, 2012 regarding the issue of personal jurisdiction (*See* Doc. #32), and the record as a whole.

## II. MOTION TO DISMISS

Defendant Moore argues that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. (Doc. #21) (citing Fed. R. Civ. P. 12(b)(1), (2), (6), 8(a)). Plaintiff opposes Moore's Motion to Dismiss, but generally focuses his *pro se* memorandum in opposition on attacking the accuracy of factual issues not significant to the analysis set forth below. (*See* Doc. #26).

## A. Subject Matter Jurisdiction

Defendant Moore requests this Court "dismiss the Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." (Doc. #21-1 at 3-4).

"Rule 12(b)(1) motions to dismiss generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). A facial attack challenges the sufficiency of the Complaint's assertion of subject matter jurisdiction. *Id*. When countering a facial attack, Plaintiff's burden to prove subject matter jurisdiction is "not onerous." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The allegations in the Complaint are taken as true, *id*., and "[i]f those allegations establish federal claims, jurisdiction exists." *Gentek*, 491 F.3d at 330. "Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations. When a factual attack ... raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist. In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Gentek*, 491 F.3d at 330 (citations omitted).

Defendant Moore argues that "[t]he core fact at issue in the instant cause was adjudicated by the Indiana Small Claims Court, which found that, contrary to Howard's claims then and now, he did receive services at Reid and he was liable for his debts."

3

(Doc. #21-1 at 4). Moore contends that as a result of the small claims court's ruling, "Mr. Howard is collaterally estopped from bringing forth the basis of the instant cause." (*Id.* at 5). Moore argues that Plaintiff "is clearly requesting this Court review and overturn the ruling made by the Indiana State Courts on the identical issues," and that such review is precluded under the *Rooker-Feldman* doctrine. (*Id.* at 5-15). Moore also argues that due to the Indiana small claims court case against Mr. Howard, this Court is precluded by Indiana preclusion law from reviewing Mr. Howard's claims. (*Id.* at 8).

To the extent Plaintiff's *pro se* Complaint can be construed as an attack on the judgment of the small claims court, Moore is correct that this Court cannot provide the relief requested therein. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), the Supreme Court "found that federal district courts were only empowered with original jurisdiction, and that they did not have appellate jurisdiction to hear a claim that a state court's decision was in error." *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 436 (6th Cir. 2006) (citing *Rooker*, 263 U.S. at 416). More recently, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 161 L. Ed. 2d 454, 125 S. Ct. 1517 (2005) the Supreme Court "held that the *Rooker-Feldman* doctrine applied only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Todd*, 434 F.3d at 436 (quoting *Exxon Mobil*, 544 U.S. at 1521-22).

Thus, to the extent Plaintiff seeks review of the small claims court's judgment, this

4

Court is precluded from doing so under the *Rooker-Feldman* doctrine. To the extent Plaintiff's *pro se* Complaint can be construed as a request for this Court to determine whether he is liable for the unpaid medical bills, *Rooker-Feldman* does not preclude review, but the claims cannot be reviewed due to preclusion law. In dicta, the *Exxon Mobil* Court noted that where the plaintiff brought a federal claim after a state court decision, a district court is not stopped "'from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Todd*, 434 F.3d at 436 (quoting *Exxon Mobil*, 544 U.S. at 1527). Instead, "even if the independent claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not *Rooker-Feldman*." *Id.* at 437. Accordingly, in this case Indiana law determines whether the issues are precluded from being litigated by this Court. *See Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) ("Well-settled law directs federal courts to 'give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).

Under Indiana Small Claims Rule ("S.C.R.") 11(F), "[a] judgment shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court." Accordingly, S.C.R. 11(F) makes clear that Plaintiff cannot relitigate his liability for the medical debt, and any claims he raised attempting to do so must be dismissed for lack of subject matter

jurisdiction. Plaintiff is liable for the amount of the unpaid medical bills and this issue cannot be relitigated.

Plaintiff, however, not only challenged the determination of his liability for the medical debt, but sought to recover expenses due to "numerous trips" he took to Richmond, Indiana "to try to correct this matter." (Doc. #2 at 7). Such expenses were due, in part, to legal actions brought against him in Wayne County, Indiana. (*Id.* at 3-7). Howard, a resident of Eaton, Ohio, alleged in his Complaint, however, that he did not sign a financial responsibility form at Reid Hospital. (*Id.*).

Assuming such facts to be true raises an arguable claim under the venue provision of the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692i. The venue provision of the FDCPA specifically provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity – (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). Regardless of the amount in controversy, the FDCPA provides district courts with jurisdiction over claims made pursuant to the Act. 15 U.S.C. § 1692k(d).

Neither the *Rooker-Feldman* doctrine nor Indiana's Small Claims Rule 11(F) preclude this Court's subject matter jurisdiction over the FDCPA claims. *Rooker-Feldman* does not do so because any injury involved was not caused by the state court judgment. *See Todd*, 434 F.3d at 437 (holding *Rooker-Feldman* doctrine does not preclude subject matter jurisdiction over plaintiff's claims under the FDCPA where

6

plaintiff does not complain about injuries caused by the state court judgment in a garnishment proceeding, but by the filing of a false affidavit by defendant in that action). Small Claims Rule 11(F) also does not preclude subject matter jurisdiction to hear claims raised under the FDCPA regarding the manner in which the debt was collected because such an issue was not previously litigated, and due to S.C.R. 11(F)'s restrictive res judicata effect, is not precluded from being litigated now.

In fact, the very issue of whether Small Claims Rule 11(F) precludes an action under the FDCPA was recently addressed in *Kelley v. Med-1 Solutions, LLC.*, 952 N.E.2d 817 (Ind. Ct. App. 2011). In this case, the Indiana Court of Appeals determined the following regarding the effect of S.C.R. 11(F):

> Regarding actions for violations of the FDCPA, this court has held that a plaintiff who brings a claim based on the manner in which a defendant brought an action in small claims court may bring such claim in an "independent action" and is not barred by res judicata. *See Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1028 (Ind. Ct. App. 2005) (finding that the doctrine of res judicata did not bar the plaintiff from asserting an independent action for, inter alia, violation of the FDCPA as the action was not an attempt to undermine the validity of the judgment). Moreover, even where the plaintiff could have raised claims as counterclaims in the small claims action, the plaintiff is not precluded from asserting the claims in a separate, independent action. *See id*; *see also Spears*, 745 N.E.2d at 877 (holding that plaintiff "was not required to invoke his rights under the FDCPA during the course of the debt collection claim or risk waiving those rights altogether" as "[a]n FDCPA claim 'has nothing to do with whether the underlying debt is valid,'" but instead "'concerns the method of collecting the debt. It does not arise out of the transaction creating the debt[.]'" (quoting *Azar v. Hayter*, 874 F. Supp. 1314, 1318 (N.D. Fla. 1995)).

*Kelley,* 952 N.E.2d at 829-30. The restrictive nature of S.C.R. 11(F) appears to be based largely upon the informality of small claims proceedings in Indiana. For example, in

*Bowman v. Kitchel*, 644 N.E.2d 878 (Ind. 1995), the Supreme Court of Indiana stated that:

> Small claims court is intended to be a place where such formality is not the order of the day. Indiana Small Claims Rule 8(A) embodies this policy by declaring: "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence. . . ." Similar informality extends to the written entries memorializing small claims decisions. We exempt the judgments issued in small claims courts from the requirements prevailing in other civil cases. Trial Rule 58(B), which spells out the contents of judgments, especially declares that it applies "[e]xcept in small claims cases."

*Bowman*, 644 N.E.2d at 879. Similarly, in *Cook v. Wozniak*, 500 N.E.2d 231, *aff'd* 513 N.E.2d 1222 (Ind. 1987), the Indiana Court of Appeals noted the following regarding Small Claims Rule 11(F):

> [I]t appears that the rule was intended primarily to limit issue preclusion where some fact in the small claim action is at issue in another case. It is stated broadly enough, however, to also apply to claim preclusion to the extent that claim preclusion would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action. *See Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 53 N.E.2d 161. This would be in keeping with a limitation whose purpose was to discount far reaching effects based upon the informality of a small claims proceeding and the limited exposure for liability.

*Cook*, 500 N.E.2d at 233. Based on the foregoing, it is clear that while "claim preclusion would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action," S.C.R. 11(F) "limits the conclusive effect of small claims judgments to the very claim determined in the action." *Id.*

Accordingly, while Plaintiff's liability for the amount of the debt cannot be

relitigated, the Court does have federal question jurisdiction under 28 U.S.C. § 1331 to hear claims brought under the FDCPA. Dismissal pursuant to 12(b)(1) is therefore not warranted.

**B.	Personal Jurisdiction**

Defendant Moore also requests this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. #21-1 at 11).

Lack of personal jurisdiction is a valid ground for moving to dismiss a complaint. *See* Fed. R. Civ. P. 12(b)(2). In resolving personal jurisdiction issues, a court "'may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion.'" *Serras v. First Tenn. Bank, N.A.*, 875 F.2d 1212, 1214 (6th Cir. 1989)(quoting *Marine Midland Bank, N.A. v. Miller*, 644 F.2d 899, 904 (2nd Cir. 1981)). "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). "When the district court holds an evidentiary hearing to determine jurisdiction . . . Plaintiff must establish jurisdiction by a preponderance of the evidence." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (citing *Serras*, 875 F.2d at 1214)).

In this case, the Court elected to hold an evidentiary hearing regarding the issue of personal jurisdiction. (Doc. #30). The hearing was held on May 29, 2012, and both parties – Plaintiff Corbin J. Howard and Defendant Ronald J. Moore – appeared and proceeded *pro se*. (Doc. #32). Prior to the hearing, Plaintiff was informed that he

9

"should be prepared to show this Court any contacts Defendant Moore had with the forum state (Ohio) that may establish either general or specific personal jurisdiction," and that "the burden is on Plaintiff to demonstrate personal jurisdiction." (Doc. #30 at 2). Plaintiff also was placed on notice that failure to meet this burden would result in dismissal or transfer of his case. (*Id.*).

Where, as in this case, "a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process." *Bird*, 289 F.3d at 871.

Ohio's long-arm statute provides in relevant part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

. . .

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

Ohio Revised Code Ann. § 2307.382(A)(1), (6). "Although the Ohio Supreme Court has determined the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause, [the] central inquiry is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" *Calphalon Corp. v.*

10

*Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (citing *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n.1 (1994)). "Jurisdiction may be found to exist either generally, in cases in which a defendant's 'continuos and systematic' conduct within the forum state renders the defendant amendable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum." *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008)(citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996).

In this case, although Plaintiff clearly expressed his desire at the hearing for this Court to hear the case, he failed to establish by a preponderance of the evidence that Defendant Moore had any contacts with Ohio sufficient to establish either general or specific personal jurisdiction. Plaintiff acknowledged that Moore had not sent him a letter in Ohio, called him in Ohio, nor otherwise communicated with him in Ohio. Defendant Moore testified that he is not a resident of Ohio, does not own property in Ohio, does not do business in Ohio, and – aside from attending the hearing – does not travel to Ohio. Plaintiff did not present any evidence to contradict these assertions, nor did he attempt to argue otherwise. In fact, the only possible connection between Moore and Ohio appears to be that Moore filed the small claims court case in Indiana and caused service of process to be effectuated upon Plaintiff at his home in Ohio by the Sheriff. Yet even assuming these actions violated the venue provision of the Fair Debt Collection

Practices Act, *see* 15 U.S.C. § 1692i, and caused tortious injury to Plaintiff in Ohio (an issue Plaintiff also did not address during the hearing), Plaintiff fell woefully short of meeting his burden of proving by a preponderance of the evidence that Defendant Moore filed the small claims lawsuit in Indiana with the purpose of injuring him, or that he might have reasonably expected Plaintiff would be injured. In fact, Plaintiff did not present any evidence at the hearing and his few arguments failed to address the issue of personal jurisdiction. Answers provided by Plaintiff to questions posed by the Court during the hearing likewise do not assist him in overcoming this burden.

As Plaintiff did not establish by a preponderance of the evidence facts sufficient to confer personal jurisdiction on Defendant Moore under Ohio's long-arm statute, this Court need not further address the additional question of whether exercising jurisdiction under these circumstances would violate Moore's right to due process of law.

Plaintiff also did not request, nor otherwise address, transferring this case to another district court in the event this Court did not confer personal jurisdiction on Defendant Moore. Accordingly, Plaintiff has also not met his burden[2] of proving grounds sufficient to transfer this case under 28 U.S.C. § 1406, nor does this Court find it to be in the interest of justice to do so.

---

[2] "[C]ase law in this circuit clearly provides that '[t]he burden of establishing jurisdiction is on the plaintiff,' and in the absence of the ability to establish jurisdiction in the district in which the complaint was filed and faced with a motion to dismiss, it seems clear that the plaintiff would have the burden of proving grounds for a transfer." *Stanifer v. Brannan*, 564 F.3d 455, 459 n.1 (6th Cir. 2009) (quoting *Tobin v. Astra Pharm. Prods., Inc.,* 993 F.2d 528, 543 (6th Cir. 1993)).

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Ronald Moore's Motion to Dismiss (Doc. #21) be GRANTED and this case DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

3. The case be terminated on the docket of this Court.

August 10, 2012

                  s/ Sharon L. Ovington
                   Sharon L. Ovington
               United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).