## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CORBIN J. HOWARD,                    :

     Plaintiff,                    :       Case No. 3:11cv00287

v.                                   :       District Judge Thomas M. Rose
                                             Chief Magistrate Judge Sharon L. Ovington

REID HOSPITAL, et al.,               :

     Defendants.                   :

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Corbin J. Howard filed this case in August 2011. Plaintiff alleged that in July 2009, a man entered the emergency room at Reid Hospital in Richmond, Indiana, in order to receive care for a laceration to his left forearm. The man received relatively minor treatment and was discharged a short time thereafter. According to Reid Hospital, the man who received care that day was Plaintiff Corbin J. Howard. (Doc. #18). Plaintiff, however, alleges he was the victim of identity fraud, perpetrated in part with his ex-wife's assistance, and never visited the hospital that day nor received the services rendered. (Doc. #2 at 3-6). The bill remained unpaid, and in April 2010, Reid Hospital assigned the debt to Finance System of Richmond, Inc. (Doc. #18-1 at 29-30). On May 6, 2010, Finance System of Richmond, Inc., filed a small claims action in Wayne County,

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Indiana, against Corbin J. Howard for the debt.  (Doc. #18 at 1; Doc. #2 at 3).

The Court conducted an initial review under 28 U.S.C. § 1915(d) and found that Plaintiff's *pro se* Complaint had raised at least one arguable claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and that *sua sponte* dismissal of Plaintiff's case was not warranted.  (Doc. #3).

Defendants Reid Hospital and Shannon Roshan filed a motion to dismiss, arguing Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  The Court granted Defendants Reid Hospital and Shannon Roshan's Motion to Dismiss, and dismissed the case with prejudice as to these parties.  (Doc. # 29 at 13).

Defendant Ronald J. Moore also filed a motion to dismiss, and likewise argued that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  Prior to considering the merits of Defendant Moore's motion, the Court held an evidentiary hearing regarding the issue of personal jurisdiction.  (Doc. #34).  The hearing was held on May 29, 2012, and both remaining parties – Plaintiff Corbin J. Howard and Defendant Ronald J. Moore – appeared and proceed *pro se*.  (Doc. #32).  Prior to the hearing, Plaintiff was informed that he "should be prepared to show this Court any contacts Defendant Moore had with the forum state (Ohio) that may establish either general or specific personal jurisdiction," and that "the burden is on Plaintiff to demonstrate personal jurisdiction."  (Doc. #30 at 2). Plaintiff was also placed on notice that failure to meet this burden would result in

2

dismissal or transfer of his case. (*Id.*).

On August 10, 2012, the undersigned recommended Defendant Moore's Motion to Dismiss be granted and this case be dismissed. (Doc. #34). In the Report and Recommendations, the issue of subject matter jurisdiction was first discussed and it was noted that "while Plaintiff's liability for the amount of the debt cannot be relitigated, the Court does have federal question jurisdiction under 28 U.S.C. § 1331 to hear claims brought under the FDCPA," and thus, "[d]ismissal pursuant to 12(b)(1) is therefore not warranted." (Doc. #34 at 8-9).

The Court next evaluated whether Plaintiff's Complaint should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. #34 at 9). The Court noted that "Plaintiff did not establish by a preponderance of the evidence facts sufficient to confer personal jurisdiction on Defendant Moore under Ohio's long-arm statute . . . ," and thus, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction. The Court thoroughly addressed Plaintiff's testimony from the hearing, as follows:

> In this case, although Plaintiff clearly expressed his desire at the hearing for this Court to hear the case, he failed to establish by a preponderance of the evidence that Defendant Moore had any contacts with Ohio sufficient to establish either general or specific personal jurisdiction. Plaintiff acknowledged that Moore had not sent him a letter in Ohio, called him in Ohio, nor otherwise communicated with him in Ohio. Defendant Moore testified that he is not a resident of Ohio, does not own property in Ohio, does not do business in Ohio, and – aside from attending the hearing – does not travel to Ohio. Plaintiff did not present any evidence to contradict these assertions, nor did he attempt to argue otherwise. In fact, the only possible connection between Moore and Ohio appears to be that Moore filed the small claims court case in Indiana and caused service of process to

3

be effectuated upon Plaintiff at his home in Ohio by the Sheriff. Yet even assuming these actions violated the venue provision of the Fair Debt Collection Practices Act, *see* 15 U.S.C. § 1692i, and caused tortious injury to Plaintiff in Ohio (an issue Plaintiff also did not address during the hearing), Plaintiff fell woefully short of meeting his burden of proving by a preponderance of the evidence that Defendant Moore filed the small claims lawsuit in Indiana with the purpose of injuring him, or that he might have reasonably expected Plaintiff would be injured. In fact, Plaintiff did not present any evidence at the hearing and his few arguments failed to address the issue of personal jurisdiction. Answers provided by Plaintiff to questions posed by the Court during the hearing likewise do not assist him in overcoming this burden

(Doc. #34 at 11-12). On August 28, 2012, United States District Judge Thomas M. Rose

noted that no objections were filed to the Report and Recommendations, adopted it in full,

granted Moore's Motion to Dismiss, and terminated the case upon the Court's docket.

(Doc. #35). The Clerk of Court docketed the resulting Judgment on that same day –

August 28, 2012. (Doc. #36).

Recently, on August 26, 2013, *pro se* Plaintiff Corbin J. Howard filed a motion

requesting the following relief:

I would like this Court to do its duty and correct its errors pertaining to the facts listed in this motion. If this court chooses not to do its duty, then that will prove my theory that the individuals of the United States District Court for the Southern District of Ohio, Western Division at Dayton involved with case number 3:11cv00287 are incompetent.

(Doc. # 38 at 1). Specifically, Plaintiff filed the motion to:

. . . address the willful neglect of the United States District Court for the Southern District of Ohio, Western Division at Dayton to protect my rights under the Fair Debt Collection Practices Act 15 U.S.C. 1692 et seq. The ignorance of the Wayne Superior Court III and Ronald J. Moore, attorney for Reid Hospital and the fraudulent actions of the aforementioned court and attorney. The willingness of Shannon Roshan, a representative of Reid Hospital, to ignore her mistake after Reid Hospital willingly admitted their error, but would not correct.

4

(*Id.*).  Construing Plaintiff's *pro se* motion liberally in his favor, his motion falls within Fed. R. Civ. P. 60(b).  However, Plaintiff's motion does not satisfy any grounds for available relief under Rule 60(b)(1)-(6).  It appears the closest ground for relief from judgment Plaintiff argues exists is that of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Yet the record of the case does not support his assertion that any mistake was made by this Court when it adopted the Report and Recommendations in full and ordered this case dismissed.  (Doc. #35).

Despite Plaintiff's contentions otherwise, this Court did not dismiss his Complaint as to Defendant Moore for lack of subject matter jurisdiction, but rather for lack of personal jurisdiction.  Moreover, the Court only dismissed Plaintiff's Complaint against Defendant Moore for lack of personal jurisdiction after Plaintiff failed at the hearing to "establish by a preponderance of the evidence facts sufficient to confer personal jurisdiction on Defendant Moore under Ohio's long-arm statute . . . ."  (Doc. #34 at 11-12).  In addition, Plaintiff was provided with an opportunity to file timely objections to the Report and Recommendations recommending dismissal of his case for lack of personal jurisdiction but failed to do so.

Accordingly, the Court does not find Plaintiff has established any ground for relief from judgment under Rule 60(b)(1)-(6), and therefore, his motion lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff Corbin J. Howard's Motion for Rule 60(b) relief be DENIED;

2.    The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing

5

reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

3.     The case remains terminated on the docket of this Court.


August 30, 2013


                                         <u>      s/Sharon L. Ovington      </u>
                                                  Sharon L. Ovington
                            Chief United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).